

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

MAR 2 6 2025

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 5:25-CR-08___ |
| v. | § | JUDGES SCHROEDER/BAXTER |
| | § | |
| WILLIAM RANDALL MAY (01) | § | SEALED |
| VICTORIA ELAINE SANDERS (02) | § | |
| DARON ANDRE PIERSON (03) | § | |
| a.k.a. "Dizzy" | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation:  21 U.S.C. § 846
(Conspiracy to Distribute and Possess with
Intent to Distribute Methamphetamine)

Beginning in or about September 26, 2024, the exact date being unknown to the

United States Grand Jury, and continuing thereafter until at least the date of the return of

this indictment, in the Eastern District of Texas, the defendants, **William Randall May**,

**Victoria Elaine Sanders**, and **Daren Andre Pierson**, did knowingly and intentionally

combine, conspire, confederate, and agree with each other and with others, both known

and unknown to the United States Grand Jury, to violate a law of the United States of

America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to

distribute and distribution of a mixture or substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846.

Indictment - Page 1

## COUNTS TWO-THREE

Violation: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Possession with Intent to Distribute and Distribution of Methamphetamine and Aiding and Abetting)

On or about the dates listed below, in the Eastern District of Texas, the defendants listed below, aided and abetted by one another and others, knowingly and intentionally possessed with intent to distribute and distributed methamphetamine, a Schedule II controlled substance, in the quantity listed below:

| Count | Date | Defendant(s) | Quantity |
|-------|------|--------------|----------|
| 2 | September 26, 2024 | **William Randall May** and **Daren Andre Pierson** | A mixture or substance containing a detectable amount of methamphetamine |
| 3 | November 5, 2024 | **William Randall May** and **Victoria Elaine Sanders** | 50 grams or more of actual methamphetamine |

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT FOUR

> Violation:   18 U.S.C. § 924(c)
> (Use, carrying, and possession of a firearm
> during, in relation to, and in furtherance of a
> drug trafficking crime)

On or about November 5, 2024, in the Eastern District of Texas, the defendants,

**William Randall May** and **Victoria Elaine Sanders**, did knowingly use and carry a

firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a

drug trafficking crime for which they may be prosecuted in a court of the United States,

that is, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §

841(a)(1), as charged in Count Three of this indictment.    The firearms were:

1.  a Winchester, model 1300 Defender, 12-gauge shotgun;

2.  a Ruger, model New Model Super Blackhawk, .44 caliber revolver;

3.  a FNH, model 509, 9mm pistol;

4.  a Ruger, model LCP Max, .380-caliber pistol; and

5.  a Ruger, model PC Charger, 9mm pistol;

In violation of 18 U.S.C. § 924(c).

## COUNT FIVE

> Violation: 18 U.S.C. § 922(g)(1)
> (Felon in Possession of a Firearm)

On or about November 5, 2024, in the Eastern District of Texas, the defendant,

**William Randall May**, did knowingly possess, in or affecting interstate or foreign

commerce, firearms, to wit:

1.  a Winchester, model 1300 Defender, 12-gauge shotgun;

2.  a Ruger, model New Model Super Blackhawk, .44 caliber revolver;

3.  a FNH, model 509, 9mm pistol;

4.  a Ruger, model LCP Max, .380-caliber pistol; and

5.  a Ruger, model PC Charger, 9mm pistol;

while knowing he had been convicted of an offense punishable by a term of imprisonment exceeding one year, specifically:

1.  Terroristic Act, a felony, in the Circuit Court of Miller County, Arkansas, in cause number 46CR-14-67-1, on May 5, 2015; and

2.  Possession of Controlled Substance >200<400 Grams, a felony, in the 202nd District Court of Bowie County, Texas, in cause number 14F0953-202, on March 15, 2015.

In violation of 18 U.S.C. § 922(g)(1).

## COUNT SIX

<u>Violation</u>: 18 U.S.C. § 932(b)(1)
(Conspiracy to Make Straw Purchases of
Firearms)

From on or about February 25, 2024, and continuing up to and including the date

of the filing of this indictment, in the Eastern District of Texas, the defendants, **William**

**Randall May** and **Victoria Elaine Sanders**, did knowingly combine, conspire,

confederate, and agree with each other, to purchase firearms, including but not limited to:

1. a FNH, model 509, 9mm pistol;

2. a Ruger, model LCP Max, .380-caliber pistol; and

3. a Ruger, model PC Charger, 9mm pistol;

in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the

request or demand of **William Randall May**, knowing or having reasonable cause to

believe that William Randall May had previously been convicted in any court of a crime

punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. § 932(b)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 932, 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c)

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 932, 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c):

1.    any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2.    any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

**Firearms and Ammunition:**

Any and all firearms, ammunition and accessories, including, but not limited to, the following:

1. a Winchester, model 1300 Defender, 12-gauge shotgun;
2. a Ruger, model New Model Super Blackhawk, .44 caliber revolver;
3. a FNH, model 509, 9mm pistol;
4. a Ruger, model LCP Max, .380-caliber pistol; and
5. a Ruger, model PC Charger, 9mm pistol.

**Cash Proceeds:**

A sum of money equal to $5,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offenses alleged in this indictment, for which the defendants are personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with a third person;
(c)    has been placed beyond the jurisdiction of the court;
(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be
         subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek
forfeiture of any other property of the defendants up to the value of the above
forfeitable property, including but not limited to all property, both real and
personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all

interest the defendants have in the above-described property is vested in the United States

and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. §

932, 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c).

A TRUE BILL,


___3/26/25___
Date

_____
FOREPERSON OF THE GRAND JURY


ABE McGLOTHIN, JR.
ACTING UNITED STATES ATTORNEY

_____
LAUREN RICHARDS
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 5:25-CR-____ |
| v. | § | JUDGES SCHROEDER/BAXTER |
| | § | |
| WILLIAM RANDALL MAY (01) | § | |
| VICTORIA ELAINE SANDERS (02) | § | |
| DARON ANDRE PIERSON (03) | § | |
|    a.k.a. "Dizzy" | § | |

## NOTICE OF PENALTY

## COUNT ONE-THREE

Violation:        21 U.S.C. §§ 841(a)(1) and 846

Penalty:         Imprisonment for a term of not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years.

Imprisonment for a term of not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years.

If 5 grams or more of methamphetamine (actual) or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, imprisonment for a term of not less than 5 years or more than 40 years, a fine not to exceed $5,000,000, or both; and a term of supervised release of at least 4 years.

If 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, imprisonment for a term of not less than 10 years or more than life; a fine not to exceed $10,000,000, or both; and a term of supervised release of at least 5 years.

Special Assessment:        $100.00 each count.

Indictment - Page 8 of 9

## COUNT FOUR

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying, and possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |

## COUNT FIVE

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) |
| Penalty: | Imprisonment for not more than 15 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |

## COUNT SIX

| | |
|---|---|
| Violation: | 18 U.S.C. § 932(b)(1) (Conspiracy to Make Straw Purchases of Firearms) |
| Penalty: | Imprisonment for not more than 15 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |